MANUEL VEGUILLA VÁZQUEZ, Petitioner, *v.* SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent.

No. 150. Argued June 10, 1941.—Decided June 12, 1941.

*Manuel Veguilla Vázquez, pro se; George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for The People.

Mr. Justice Travieso delivered the opinion of the Court.

On June 29, 1933, Manuel Veguilla, the petitioner, was indicted in the District Court of Guayama for an offense of murder in the first degree, committed, it was alleged in the information, on May 21, 1933. The case was filed under the number 8763. At the arraignment, the district attorney lowered the classification of the offense to murder in the second degree. The defendant, when arraigned, plead guilty and was convicted of murder in the second degree and sentenced to fifteen years in the penitentiary at hard labor.

On August 23, 1939, Mr. Justice De Jesús, acting as judge on vacation of this Court, granted a petition for a writ of habeas corpus filed under the number 111 by the convict Veguilla and ordered his release, basing his decision on the ground that the trial court had acted without jurisdiction and in contravention of the doctrine established by this Court in *Ex parte Hernández*, 54 P.R.R. 396.

The petitioner has filed in this Court another petition of habeas corpus in which he alleges that he is imprisoned in the Insular Penitentiary by virtue of a judgment rendered by the District Court of Guayama, on November 12, 1940, finding him guilty of voluntary manslaughter and sentencing him to eight years in the penitentiary; that the judgment is null and void, because it was rendered after more than three years had elapsed since the date when the crime was committed; that the information read on June 29, 1933, is the same as that for which he was arraigned on June 29, 1940; and lastly, that the trial court lacked jurisdiction to convict him of a crime which had already prescribed.

At the hearing and as part of his return, the Warden of the Penitentiary offered in evidence copy of the judgment by virtue of which he retains the petitioner under his custody. From said document it appears that on November 12, 1940, the case of *The People of Puerto Rico* v. *Manuel Veguilla Vázquez* (*a*) Alambique, No. 11,915, was called for trial; that the defendant appeared in person and assisted by coun-

sel; that after he had been arraigned, the defendant plead guilty; that the court found him guilty of voluntary manslaughter and sentenced him to eight years in the Insular Penitentiary, providing that "the time he spent in the penitentiary up to the moment of his release through a writ of habeas corpus should be credited to the time he would have to serve under the new sentence."

The record which we have examined does not reveal whether the information which resulted in the sentence which petitioner is now extinguishing is the same as that filed in case No. 8763 and which resulted in the judgment annulled by the writ issued by the judge in vacation of this Court. The petitioner alleges that the same information is involved in both cases. The offense with which the defendant was charged in both cases, Nos. 8763 and 11,915, is the same, to wit: "That on May 21, 1933, in the Municipality of Aibonito, Puerto Rico, which is a part of the Judicial District of Guayama, Puerto Rico, then and there said defendant, illegally, unlawfully, with malice aforethought and deliberate and firm intent to kill, and showing a perverted and malignant mind, killed illegally the human being Alejandrino Ruiz, firing his revolver at him, etc."

We are dealing therefore, with an information for a crime of murder. Sections 77 and 78 of the Penal Code provide:

"Section 77.—*Time to Commence Criminal Actions.—No Limitation, When.*—There is no limitation of time within which a prosecution for murder, the embezzlement of public moneys, and the falsification of public records must be commenced.

"Section 78.—*Three Years For Felonies.* The prosecution for any felony other than murder, the embezzlement of public money, or the falsification of public records, must be commenced within three years after its commission."

After the first conviction of the defendant for a crime of murder in the second degree had been annulled and after the sentence of fifteen years imposed on him on June 29, 1933, was also annulled for lack of jurisdiction, the district

attorney was at liberty to continue to prosecute the defendant under the information originally filed against him or under a new information, without any restriction in regard to the time within which said action could be brought, according to the provisions of Section 77 and 78 of the Penal Code.

Furthermore, in accordance with the doctrine followed in this jurisdiction, reaffirmed in *Manuel González* (a) *Rasquiña* v. *Saldaña, Warden, ante* page 859, the defense of prescription cannot be raised through a habeas corpus. It must be raised through a demurrer to the information or as a defense during the trial.

For these reasons the writ issued must be discharged and the petition denied.